UNITED STATES of America, Appellee,

v.

Berry A. MAULDIN, Appellant.

No. 82–2090.

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1983.

Decided Aug. 19, 1983.

Darrell F. Brown, Little Rock, Ark., for appellant.

W. Asa Hutchinson, U.S. Atty., Steven N. Snyder, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

BRIGHT, Circuit Judge.

Berry A. Mauldin appeals from his conviction on five counts of mail fraud and aiding and abetting in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2. He contends that the district court[1] erred in denying him both a new trial and a hearing on the alleged incompetence of a juror. He also argues that the evidence was insufficient to support his conviction.

Mauldin was convicted on June 24, 1982; the trial court imposed sentence on August 23. On September 2, 1982, Mauldin filed a motion for a new trial on the basis of newly discovered evidence. Specifically, he claimed to have information which indicated that one juror was mentally incompetent at the time of trial. The court granted a hearing in camera, at which Mauldin's counsel presented two affidavits in support of his allegation. The first affiant, a self-professed acquaintance of the juror in question, wrote of her, "[f]rom my personal observations, I believe that she is mentally infirm and incapable of making mature judgments." The other affiant had worked as a "mental health worker" at a state mental health center from June 1980 to April 1982, during which time the juror, according to the affidavit, "was evaluated for rehabilitation on mental disability" at the center. "Based upon information and belief," the affiant declared, "I am of the opinion that [the juror] was mentally infirm during that time." The affiant did not claim to have had any personal association whatever with the juror; it emerged in camera that she had only "observed records" which suggested that the juror "had a personality disorder and needed intensive therapy." *United States v. Mauldin, supra,* 552 F.Supp. at 537. The affidavit gave no date for the "records" the affiant "observed," and ventured no opinion on the juror's competence as of the time of trial (late June 1982).

The trial court concluded on the basis of the affidavits and the preliminary hearing in camera that Mauldin's counsel had not shown enough to justify further judicial inquiry into the juror's competence. We agree.

■ In general, a post-verdict allegation of juror incompetence justifies only a preliminary judicial inquiry, at which the party making the allegation bears the burden of overcoming the strong presumption of juror competency. Only if the movant produces "substantial if not wholly conclusive evidence of incompetence" (such as proof of an adjudication of insanity or mental incompetence made shortly before or after the trial) should the trial court conduct further inquiry into the competence of the juror as of the actual time of trial. *United States v. Dioguardi,* 492 F.2d 70, 80 (2d Cir.1974), *aff'g* 361 F.Supp. 954 (S.D.N.Y.1973), *cert. denied,* 419 U.S. 873, 95 S.Ct. 134, 42 L.Ed.2d 112 (1974). *See also Peterman v. Indian Motorcycle Company,* 216 F.2d 289, 293 (1st Cir.1954); *United States v. Allen,* 588 F.2d 1100, 1106–07 (5th Cir.), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2415, 60 L.Ed.2d 1071 (1979). Mauldin admits that no court ever adjudicated the juror in question incompetent or insane. He adduces only the unsup-

---

1. The Honorable George Howard, Jr., United States Senior District Judge for the Eastern and Western Districts of Arkansas. *See United States v. Mauldin,* 552 F.Supp. 535 (1982).

ported affidavits of two persons who can claim no special qualifications to assess the juror's competency. Moreover, the judge who presided at Mauldin's trial "did not observe any inappropriate or bizarre behavior or demeanor on the part of any juror" at any time during the trial. 552 F.Supp. at 537. Nor did counsel, staff or jury members ever report to the judge any irregularities of behavior on the juror's part.

We conclude that the trial court did not err in denying Mauldin's motion for a hearing on the juror's alleged incompetence, or for a new trial. The sound considerations which counsel generally against post-trial inquiries into a juror's state of mind support the approach other federal courts have taken, under which only a substantial preliminary showing (powerful enough to overcome the strong presumption of competence) will justify further judicial inquiry into a juror's competence. Mauldin clearly failed to make such a showing. To undertake an extensive inquiry into the juror's competence on the basis of the scant evidence Mauldin offered would amount to little more than a judicial "fishing expedition," as the trial judge remarked. 552 F.Supp. 537.

Mauldin also appeals from the trial court's denial of his motion for a directed verdict on grounds of insufficient evidence. Our examination of the record discloses sufficient evidence to support the jury's verdict.

Accordingly, we affirm the decision of the district court.