Edgar Lee NANCE, Jr., Appellant,

v.

Charles BENSON, Director of the Department of Correctional Services, Appellee.

No. 85–1812.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1986.

Decided July 3, 1986.

Paul J. Peter, Lincoln, Neb., for appellant.

Linda L. Willard, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and HARPER,[*] District Judge.

JOHN R. GIBSON, Circuit Judge.

Edgar Lee Nance appeals from an order of the district court[1] denying his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 (1982). On appeal, Nance contends, as he did before the district court, that he was denied effective assistance of counsel in his state criminal proceeding because the public defender appointed to represent him was burdened by an actual conflict of interest, and, as a result, failed to properly investigate and prepare his case. He also argues that the district court did not afford him an opportunity to establish that the state court failed to adequately develop or resolve the merits of his ineffective assistance of counsel claim. We affirm the judgment of the district court.

Nance was convicted in 1983 of second-degree forgery in Nebraska state court for attempting to cash a check bearing a forged signature. The evidence at trial indicated that the checks had been stolen during the burglary of an insurance company. Nance was represented at trial by appointed counsel, Ivory Griggs, who served in the Douglas County Public Defender's Office. On the first day of trial, Nance requested that the court remove Griggs as his counsel. Nance alleged that Griggs had rendered legal services to the insurance company that was the intended victim of the forgery, was a friend of one of the principals of the company, and had represented another of the principals in a prior criminal proceeding, and thus was burdened by an actual conflict of interest. Griggs disclosed to the court that he had assisted the insurance company, without pay, in filing papers to qualify to write insurance bonds, including appearance bonds for criminal defendants, and in 1975 had represented a member of the family that owned the insurance company on a criminal matter through the public defender's office, which resulted in conviction. The court denied Nance's motion for new counsel, and advised Nance that, if he later believed counsel inadequately represented him, he could seek post-conviction relief. Nance raised these contentions again on direct appeal to the Nebraska Supreme Court, which summarily affirmed his conviction.

Nance then filed a petition for writ of habeas corpus in the federal district court,

---

[*] The HONORABLE ROY W. HARPER, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

which was heard by a magistrate,[2] claiming a violation of his sixth amendment right to effective assistance of counsel. Nance alleged that Griggs had been in an actual conflict of interest, and, therefore, his representation was deficient. Nance asserted that Griggs failed to object to the testimony of, and properly cross-examine, Denise Dirks, an employee of the insurance company, who testified for the prosecution. Specifically, Nance claims he suffered prejudice due to Griggs' failure to object to the testimony of Dirks, who was endorsed as a witness by the state immediately before trial. Further, Nance claims that Griggs failed on cross-examination to point out that Dirks, who had testified that she had discovered the burglary during which the check that Nance forged was stolen, was not the individual who was listed on the police report as reporting the burglary.

The magistrate found that appellant had not pointed to any conduct by Griggs which would indicate that the attorney was representing the interests of the insurance company or its principals over Nance's interests. Therefore, he concluded, Nance had failed to demonstrate an actual conflict in representation. The magistrate also found that Griggs' representation was not deficient. He found that Griggs had been aware of Dirks as a witness, and was prepared for her at trial. He further found that Griggs' reasonably could have declined to cross-examine Dirks on the inconsistencies between her testimony and the police report to avoid the issue of the burglary. Finally, the magistrate concluded that, in any event, there was no reasonable probability that, but for Griggs' acts or omissions which Nance contends were deficient, the result of the trial would have been different.

Nance argues again on appeal that his lawyer faced an actual conflict of interest due to his friendship with one of the principals in the insurance company, his prior representation of the company and a member of the family that owns the company, and because he had a vested interest in possible future business with the company and its principals. He also maintains that, regardless of any conflict of interest, his counsel's failure to object to Dirks' testimony or to cross-examine her was unreasonable under the circumstances, and prejudiced his defense.

■■■ To establish a violation of the sixth amendment right to counsel based on ineffective assistance of counsel, the appellant must demonstrate, first, that his counsel's representation fell below an objective standard of reasonableness under the circumstances, and, second, that his counsel's deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). To demonstrate that counsel's representation was objectively deficient, the appellant must show that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would exhibit under similar circumstances." *Hayes v. Lockhart,* 766 F.2d 1247, 1251 (8th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 256, 88 L.Ed.2d 263 (1985). *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064–65. "Judicial scrutiny of counsel's performance must be highly deferential," *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065, and we must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Id.*

■■■ As Nance correctly points out, where a defendant demonstrates that his counsel actively represented conflicting interests, a manifest breach of counsel's duty of loyalty, and this conflict "adversely affected his lawyer's performance," *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980), prejudice will be presumed, and the defendant will be entitled to some form of relief for the sixth amendment violation. *Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067. However, we agree with the magistrate that Griggs did not actively represent conflicting interests. The interests of the insurance com-

---

**2.** The Honorable David L. Piester, United States Magistrate for the District of Nebraska.

pany and its principals were not in any way litigated in the present proceeding. Moreover, we do not believe that Griggs' pecuniary interest in possible future business affected his representation of Nance in any way. *Cf. United States v. Jeffers*, 520 F.2d 1256, 1264–65 (7th Cir.1975) (where defense counsel has represented prosecution witness in the past, concern arises that counsel's pecuniary interest in possible future business may result in less than vigorous cross-examination of the witness on matters which might be embarrassing or offensive), *cert. denied*, 423 U.S. 1066, 96 S.Ct. 805, 46 L.Ed.2d 472 (1976). Nance has not pointed to anything in the record which would suggest that Griggs had subordinated his primary professional responsibilities to his pecuniary interests. *Cf. United States v. DiCarlo*, 575 F.2d 952, 957 (1st Cir.) (where pecuniary interests are speculative, it is presumed that attorney will subordinate financial interests to professional obligations), *cert. denied*, 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978); *Jeffers*, 520 F.2d at 1265. Griggs had no present or ongoing business relationship with the insurance company and its principals, *see Jeffers*, 520 F.2d at 1264 & n. 13, and his representation of a member of the family that owned the company on unrelated criminal charges had been completed. Indeed, we see nothing in the record which would indicate that Griggs placed the interests of the company, or its principals, over Nance's interests.

■ Additionally, we do not believe that the manner in which Griggs dealt with Dirks at the trial constitutes objectively unreasonable professional conduct under the circumstances. Although Griggs did not object to Dirks' endorsement as a witness for the prosecution, he admitted that he had been aware that she was a relevant witness, and was prepared for her testimony. Moreover, it was not unreasonable to avoid cross-examining Dirks, who testified largely to the details of the burglary, or to choose not to investigate the details of the burglary and obtain the police reports on that matter. The particular details to which Dirks testified, such as who discover-

ed the burglary and the state of the company offices upon discovery, were not material to the crime with which Nance was charged. It was an entirely reasonable strategy, if not the desirable one, to avoid the burglary issue, and thereby avoid any suggestion that Nance was involved in that crime as well. We therefore conclude that Nance has not shown that his counsel's performance was in any way deficient.

■ Nance alternatively argues that the district court failed to provide him an adequate opportunity to demonstrate that the facts material to his ineffective assistance of counsel contention were not developed by the state court. Furthermore, Nance contends, the state court never made a finding of fact regarding Griggs' conflict of interest, and, therefore, there is no basic, primary or historical fact to which the district court could defer under 28 U.S.C. § 2254(d). The record reveals that Nance brought his concerns regarding possible conflicts of interests to the attention of the trial court both at trial and in a post-trial motion. In both instances Nance was given an opportunity to develop his allegations. Indeed, in response to Nance's allegations at trial, Griggs disclosed to the court his prior contacts with and representation of the insurance company and its principals. It is also clear that in both instances the trial judge denied Nance's claims. Thus, Nance's contentions were sufficiently developed at trial, and decided adversely to him.

We affirm the judgment of the district court.