Michael Elliot WRIGHT, Appellant,

v.

STATE OF MINNESOTA and Robert A. Erickson, Warden, Appellees.

No. 87–5039.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 26, 1987.

Decided Nov. 18, 1987.

Rehearing Denied Dec. 17, 1987.

---

Douglas Peine, St. Paul, Minn., for appellant.

Steven C. DeCoster, St. Paul, Minn., for appellees.

Before ARNOLD, Circuit Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Michael Elliot Wright, Sr. appeals from an order of the district court[1] denying his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. On appeal, Wright contends that he was not competent to stand trial, and that he was denied effective assistance of counsel in his state court proceeding because his attorney was burdened by an actual conflict of interest. Wright also argues that the district court improperly denied him an evidentiary hearing on his claim of ineffective assistance of counsel. We hold that Wright is not entitled to habeas relief and affirm the district court.

## I. BACKGROUND.

In 1984, Wright was convicted in Minnesota state court on two counts of second degree assault, two counts of false imprisonment, and one count of unlawful possession of a pistol. He was sentenced to sixty months imprisonment. Wright was represented by Charles H. Williams, Jr., a member of the Ramsey County, Minnesota Public Defender's Office. Prior to trial, Williams requested a psychiatric report and competency hearing pursuant to Rule 20 of the Minnesota Rules of Criminal Procedure. The court found Wright to be competent to stand trial. The transcript of the hearing suggests that the court based its factual finding of competency on the examining psychiatrist's report, which indicated that Wright was suffering from mental illness but was competent to stand trial. The court also appears to have relied on its own observations of Wright.

Wright appealed his conviction to the Minnesota Court of Appeals. Here, Wright was represented by Ms. Kathy King of the State Public Defender's Office. Notwithstanding the fact that he was represented by counsel, Wright submitted a *pro se* brief while his case was pending before the ap-

---

1. Hon. Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

peals court. In his brief he alleged, *inter alia*, (1) that he was not competent at the time of trial because he had been subjected to shock treatment and mind-altering drugs, and (2) that he was denied effective assistance of counsel because his attorney at trial, Williams, had been a social acquaintance of the State's primary complaining witness, Mrs. Wilma Wright, Wright's stepmother. Rather than requesting remand of the case to the trial court, Wright, through his appellate counsel, presented his own affidavit and that of Williams for consideration in the appellate proceedings.[2]

The Minnesota Court of Appeals affirmed the trial court. *State v. Wright*, 371 N.W.2d 238 (Minn.App.1985). Additionally, after reviewing the *pro se* brief and the written submissions, the court noted (1) that Wright was found competent to stand trial after a Rule 20 hearing, and (2) that Wright was not denied effective assistance of counsel. *Id.* at 241. The Minnesota Supreme Court denied review.

Wright then filed the present habeas petition. The matter was referred to a magistrate,[3] who recommended that the petition be denied. The district court adopted the magistrate's report and recommendation without an evidentiary hearing. This appeal followed.

## II. COMPETENCY TO STAND TRIAL.

It is a violation of due process to convict a person while he is legally incompetent. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Davis v. Wyrick*, 766 F.2d 1197 (8th Cir.1985), *cert.*

denied, 475 U.S. 1020, 106 S.Ct. 1209, 89 L.Ed.2d 322 (1986). The test for determining whether an accused is competent to stand trial is whether he has sufficient ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational and factual understanding of the proceedings against him. *Drope v. Missouri*, 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975).

Competency to stand trial is a factual issue; therefore, we must presume the state court's findings to be correct unless they can be faulted for one of the reasons listed in 28 U.S.C. § 2254(d). *Maggio v. Fulford*, 462 U.S. 111, 117, 103 S.Ct. 2261, 2264, 76 L.Ed.2d 794 (1983) (per curiam); *Davis v. Wyrick*, 766 F.2d at 1201. Wright was examined by a psychiatrist, given a full competency hearing, and found competent by the state trial court.

Wright asserted in the state appeals court that he was subjected to shock treatment and mind-altering drugs before and during trial, which rendered him unable to participate in his defense. Williams, Wright's trial counsel, stated in his affidavit that after several attempts to verify Wright's allegations, he could find no evidence of shock treatment or forced drug therapy. After reviewing the entire record, which included the supplemental briefs and affidavits, the state appeals court sustained the trial court's finding of competency.

We conclude that ample evidence supports the finding of Wright's competency to stand trial; we are therefore con-

---

**2.** Affidavits may be received in Minnesota post-conviction proceedings pursuant to Minn.Stat. § 590.04, subd. 3. The State agreed to stipulate to the admission of the affidavits.

In his affidavit, Williams stated the following regarding his relationship with Mrs. Wilma Wright:

* * * I did disclose to Mr. Wright that I did know Wilma Wright and what those circumstances were, namely that we had worked together, that we had been friends and that she had been an occasional social date. However, your Affiant states, and stated to Mr. Wright, that he knew Wilma Wright some 22 years before the trial in question and that he had not seen Wilma Wright in some 20 years before the trial in question.

That your Affiant further states that he disclosed to Mr. Wright the awareness of the identity of Wilma Wright only after the trial was in progress half way through, and that the identity of Wilma Wright was so obscured by the physical changes in her face and bearing over 20 years that your Affiant just did not recognize her.

That your Affiant further states that even after the discovery of the identity of Wilma Wright, that in no way did that alter or change the nature and extent of his dealing with her as a prosecution witness.

**3.** Hon. Janice M. Symchych, United States Magistrate for the District of Minnesota.

strained to accord deference to the state court's finding.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL.

In order "[t]o establish a violation of the sixth amendment right to counsel based on ineffective assistance of counsel, [Wright] must demonstrate, first, that his counsel's representation fell below an objective standard of reasonableness under the circumstances, and, second, that his counsel's deficient performance prejudiced his defense." *Nance v. Benson*, 794 F.2d 1325, 1327 (8th Cir.1986) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). To demonstrate prejudice, Wright must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. However, as Wright correctly points out, where a defendant demonstrates that counsel actively represented conflicting interests, and that this conflict "adversely affected his lawyer's performance," prejudice will be presumed. *Strickland*, 466 U.S. at 692, 104 S.Ct. at 2067 (citing *Cuyler v. Sullivan*, 446 U.S. 335, 349–50, 100 S.Ct. 1708, 1718–19, 64 L.Ed.2d 333 (1980)). We agree with the magistrate that Williams did not actively represent conflicting interests. There is no evidence in the record to indicate that Williams ever undertook professional representation on behalf of Wilma Wright. Moreover, we agree with the magistrate that Williams' relationship with Wilma Wright was far too remote in time to warrant a finding of actual conflict of interest.

Absent a finding of an actual conflict of interest, as defined in *Cuyler*, 446 U.S. at 349–50, 100 S.Ct. at 1718–19, Wright must meet both tests in *Strickland* in order to establish his claim of ineffective assistance of counsel. The district court adopted the magistrate's finding that Williams' representation was not professionally deficient. We agree. " 'Judicial scrutiny of counsel's performance must be highly deferential,' *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, and we must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *.' *Id.*" *Nance v. Benson*, 794 F.2d at 1327. Our review of the trial transcript reveals nothing which could properly be characterized as objectively unreasonable professional conduct under the circumstances. We therefore need not reach the issue of prejudice.

## IV. EVIDENTIARY HEARING.

Wright contends that the district court erred in failing to conduct an evidentiary hearing. We disagree. Dismissal of a petition without a hearing is proper if the allegations, even if true, fail to state a claim cognizable in a federal habeas corpus proceeding. *Edgemon v. Lockhart*, 768 F.2d 252, 255 (8th Cir.1985). Dismissal is also proper if there is no dispute as to the facts, or if the dispute can be resolved on the basis of the record. *Id.* Here, Williams admitted that Wright's allegations regarding Williams' relationship with Wilma Wright were true. Williams then explained the nature and extent of the relationship in the affidavit he submitted to the state appellate court. We hold that the facts relating to Williams' possible conflict of interest were not in dispute, and that these facts did not support a finding of a conflict. Therefore, the district court's dismissal without an evidentiary hearing was proper.

Accordingly, the order of the district court is affirmed.