9 F.3d 115
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of AMERICA, Appellee,
v.
Donald E. SCHRACK, Appellant.
 No. 92-3399.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 13, 1993.
Filed: October 21, 1993.
 
 Before WOLLMAN, MAGILL, and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald E. Schrack, a federal prisoner in South Dakota, appeals from the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 Schrack filed this section 2255 motion claiming that the government breached the plea agreement because it allowed him to plead guilty to more drugs than it could prove were attributable to him. He also claimed that he was denied effective assistance of counsel because his attorney, Mr. Kavan, consulted Mr. Schatz, an attorney who "simultaneously was representing" co-defendant Dobson (identified by Schrack as the "sole" witness against him), and Schatz recommended that Schrack accept the plea offer (although Schrack had been ready to go to trial). The magistrate judge[2] proposed that Schrack's first claim be denied as meritless, and ordered the government to respond to Schrack's second claim. The government responded that no conflict of interest existed because Schatz did not represent Dobson when Kavan consulted him: Kavan consulted Schatz prior to Schrack's pleading guilty on August 22, 1990, and Schatz was not appointed as replacement counsel for Dobson until Mr. Jansen withdrew as Dobson's counsel on January 23, 1991. The district court adopted the magistrate's report in its entirety, and held that, because no conflict of interest existed, Schrack had not been denied effective assistance of counsel. Schrack timely appealed.
 
 
 3
 Contrary to the government's argument, Schrack did not waive appellate review of his first claim by failing to object to the magistrate judge's report. See Taylor v. Farrier, 910 F.2d 518, 520 (8th Cir. 1990). The plea agreement stated that Schrack would plead guilty to a one-count information involving at least 5 but not more than 14.9 kilograms of cocaine. Schrack admitted in his "petition to plead guilty" that he "acted with others to possess 5 to 14.9 kilograms" of cocaine with intent to distribute. By pleading guilty, Schrack admitted all the factual allegations in the information. See O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988)(per curiam). The district court did not err in rejecting this claim.
 
 
 4
 To establish ineffective assistance of counsel stemming from a conflict of interest, Schrack had to demonstrate that his counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his attorney's performance. Burger v. Kemp, 483 U.S. 776, 783 (1987); United States v. Bluske, 969 F.2d 609, 614-15 (8th Cir. 1992). Not until this appeal did Schrack clarify his claim, contending that Schatz-who essentially became his co-counsel-had a conflict of interest because he worked in a law firm with Jansen, who was at that time representing Dobson. We note, however, that Schrack has alleged no facts to support that Schatz himself actively represented Dobson before January 1991. Rather, Schrack would have us adopt a rule that Schatz's and Jansen's employment in the same law firm necessarily resulted in active representation of competing interests and, thus, actual conflict. This court has not adopted such a far-reaching rule. See Salam v. Lockhart, 874 F.2d 525, 527-28 (8th Cir.) (looking to level of representation by attorneys in same office to determine if actual conflict existed), cert. denied, 493 U.S. 898 (1989); Pool v. Armontrout, 852 F.2d 372, 375 (8th Cir. 1988) (more than merely working together in same office required to demonstrate actual conflict), cert. denied, 489 U.S. 1023 and 489 U.S. 1033 (1989). Schrack's allegations are therefore insufficient to warrant relief. The judgment is affirmed.
 
 
 
 [1]
 The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska
 
 
 [2]
 The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska